| **Nunez-Unda v Adrien** |
|:---:|
| 2024 NY Slip Op 34505(U) |
| December 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650971/2022 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------------X

JESUS NUNEZ-UNDA,

                                 Plaintiff,

                      - v -

THIBAULT LOUIS PHILIPPE ADRIEN, LAFAYETTE RE
MANAGEMENT LLC,POL OPERATOR LLC,

                                Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650971/2022 |
| **MOTION DATE** | 12/18/2024 |
| **MOTION SEQ. NO.** | 013 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 013) 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 398, 399, 400, 401, 402, 403, 404, 405

were read on this motion to/for                ORDER OF ATTACHMENT         .

Upon the foregoing documents and for the reasons set forth below, Jesus Nunez-Unda's motion for a temporary restraining order and an order of attachment against Lafayette Re Management, LLC and Thibault Adrien is DENIED.

A party seeking a preliminary injunction must demonstrate (i) a probability of success on the merits, (ii) danger of irreparable harm in the absence of an injunction, and (iii) a balance of the equities in their favor (*Nobu Next Door, LLC v Fine Arts Housing, Inc.*, 4 NY2d 839, 840 [2005]).

In order to show entitlement to an attachment, "the plaintiff must show a viable cause of action and the probability that it will succeed on the merits, that one or more grounds exist for attachment as set for in CPLR 6201, and that the amount demanded from the defendant exceeds

[* 1]

all counterclaims known to the plaintiff' (*VisionChina Media Inc. v Shareholder Representative Servs., LLC*, 109 AD3d 49, 59 [1st Dept 2013]). The Court may grant an order of attachment pursuant to CPLR § 6201(1) where "the defendant is a non-domiciliary residing without the state" and pursuant to CPLR § 6201(3) where "the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts." Where a party seeks attachment pursuant to CPLR § 6201(1), they must "demonstrate an identifiable risk that the defendant will not be able to satisfy the judgment" (*id.* at 60). "Whether to grant a motion for an order of attachment rests within the discretion of the court" (*id.* at 59).

Mr. Nunez-Unda is not entitled to an attachment on this record. As an initial matter, the Court notes that it appears that the defendants have settled the *qui tam* action that Mr. Nunez-Unda had brought and that such *qui tam* action related to the improper use of PPP funds. This is in fact what the Wall Street Journal article (NYSCEF Doc. No. 399) and the other articles Mr. Nunez-Unda adduces indicate and that they did so for a discrete sum and without admission or imposition of additional liability other than the fine paid or to be paid disclosed in the newspapers. As a result, this evidence does not support, and in fact, undermines the argument that the defendants have continued exposure related to the *qui tam* allegations or that the *qui tam* lawsuit or resolution threatens the ability to satisfy any judgment that Mr. Nunez-Unda might obtain in this lawsuit.

650971/2022  NUNEZ-UNDA, JESUS vs. ADRIEN, THIBAULT LOUIS PHILIPPE ET AL
Motion No. 013

Page 2 of 4

2 of 4

Mr. Nunez-Unda has also failed to prove a likelihood of success on the merits. Although it appears based on the evidence that he adduced that in fact the ambiguity identified previously as to whether Mr. Nunez-Unda was to receive different compensation for acting as the CEO of POL Operator LLC (**POL**) may be resolved in the manner in which he had suggested – *i.e.*, that he was to receive additional compensation as the CEO for POL, much still remains unclear, including whether this was merely contingent compensation if the deal closed. Indeed, the unsigned Services Agreement (NYSCEF Doc. No. 376) which Mr. Nunez-Unda adduced in support of this interpretation appears to indicate that the compensation for this role was to begin on the Effective Date *(i.e.*, defined to mean the closing of the transaction).[1] The parties hotly dispute why the deal never closed.[2] As discussed previously, the Employment Agreement provides for compensation for Mr. Nunz-Unda and indicates in his Job Description that he was to "create and implement the Business Plan of an internal loan origination company or to carry out the acquisition of a loan company" (NYSCEF Doc. Nos. 15 at 12, 285 at 4). If, in fact, the Services Agreement is what the parties intended, *i.e.*, additional money after closing, it would appear that in fact for the time period in question – the Employment Agreement does compensate Mr. Nunez-Unda for what the parties in fact contemplated. If this is the case, many of Mr. Nunez-Unda's claims fail as a matter of law. The Service Agreement adduced in this record is however unsigned.[3] The record requires further development as to what the parties' arrangement was during this interim period (including as to relocation expenses and what was to occur if the

---

[1] The defendants indicate the closing never actually occurred. For his part, Mr. Nunez-Unda admits that the actual closing did not occur but argues that the functional equivalent of the closing occurred. He offers no expert opinion or other persuasive analysis at this stage sufficient to warrant injunctive relief. The defendants dispute this.

[2] The defendants indicate in sum and substance that Mr. Nunez-Unda compromised the deal by disclosing information to the competitor for the deal. Mr. Nunez-Unda indicates that the defendants did not get the deal because the competitor's offer was richer. Both statements may in fact be correct. It may have been richer and Mr. Nunez-Unda may have improperly fed others information. Again, the record requires development.

[3] It is also unclear why the Services Agreement was unsigned and whether the parties contemplated executing the Services Agreement simultaneously with the closing.

**650971/2022   NUNEZ-UNDA, JESUS vs. ADRIEN, THIBAULT LOUIS PHILIPPE ET AL**          **Page 3 of 4**
 **Motion No.  013**

transaction did not in fact close). Finally, the record does not support the supposition that the defendants will have insufficient assets to satisfy a judgment or that any activity has occurred to frustrate one.

The Court has considered Mr. Nunez-Unda's remaining arguments and finds them unavailing.

Accordingly, is it hereby

ORDERED that Mr. Nunez-Unda's motion for a temporary restraining order and an order of attachment is DENIED.

20241220142025AB0RR0KE866C8285C31X180A82524F100B3A35F

| 12/20/2024 | | |
|---|---|---|
| **DATE** | | **ANDREW BORROK, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | **X** DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**650971/2022   NUNEZ-UNDA, JESUS vs. ADRIEN, THIBAULT LOUIS PHILIPPE ET AL**       **Page 4 of 4**
  **Motion No.  013**

4 of 4

[* 4]